

RECEIVED FOR FILING
KITSAP COUNTY CLERK
DEC 03 2020
ALISON H. SONNTAG

SUPERIOR COURT OF THE STATE OF WASHINGTON
FOR KITSAP COUNTY

| | |
|---|---|
| STEVEN W. DAVISON, individually, and on behalf of the ESTATE OF MARGARET DAVISON; and MICHAEL DAVISON, individually<br><br>Plaintiffs,<br><br>v.<br><br>LSREF GOLDEN OPS 26 (WA), LLC, a foreign Limited Liability Company, d/b/a "ORCHARD POINTE SENIOR ALZHEIMER COMMUNITY" and SLH RAINIER MANAGER, LLC, a foreign Limited Liability Company, d/b/a "ORCHARD POINTE SENIOR ALZHEIMER COMMUNITY",<br><br>Defendants. | NO. 20-2-01277-18<br><br>**AMENDED COMPLAINT FOR DAMAGES FOR WRONGFUL DEATH** |

COMES NOW the Plaintiffs, by and through their attorneys of record, Amanda M. Searle and Matthew Wurdeman of Connelly Law Offices, PLLC and by way of claim alleges upon personal knowledge as to themselves and their own actions, and upon information and belief upon all other matters, as follows:

COMPLAINT - 1 of 6

**Connelly Law Offices, PLLC**
2301 North 30th Street
Tacoma, WA 98403
(253) 593-5100 Phone - (253) 593-0380 Fax

## I. PARTIES

1. MARGARET DAVISON was an adult female who formerly resided at ORCHARD POINTE SENIOR ALZHEIMER COMMUNITY in Kitsap County. She died on December 19, 2019, from multiple ground level falls. The Kitsap County Coroner ruled her death an accident.

2. STEVEN W. DAVISON was appointed the Personal Representative of his mother's Estate on June 19, 2020. STEVEN W. DAVISON is MARGARET DAVISON's adult son and brings claims for the personal losses suffered by STEVEN W. DAVISON and on behalf of all beneficiaries of the Estate of MARGARET DAVISON.

3. MICHAEL DAVISON is MARGARET DAVISON's adult son.

4. ROBERT DAVISON is MARGARET DAVISON's adult son.

5. KIMBERLY SCHAFER-DAVISON is MARGARET DAVISON'S adult daughter.

6. ISAIAH FREEMAN-DAVISON is MARGARET DAVISON'S adult son.

7. Defendant LSREF GOLDEN OPS 26 (WA), LLC is a foreign limited liability corporation who owns, operates, and does business as "ORCHARD POINTE SENIOR ALZHEIMER COMMUNITY," an assisted living facility located at 300 S. Kitsap Blvd., Port Orchard, WA 98366.

8. Defendant SLH RAINER MANAGER, LLC is a foreign limited liability corporation who owns, operates, and does business as "ORCHARD POINTE SENIOR ALZHEIMER COMMUNITY," an assisted living facility located at 300 S. Kitsap Blvd, Port Orchard, WA 98366.

CONNELLY LAW OFFICES, PLLC
2301 North 30th Street
Tacoma, WA 98403
(253) 593-5100 Phone - (253) 593-0380 Fax

## II. VENUE & JURISDICTION

9. This Court has original subject matter jurisdiction pursuant to the Constitution of the State of Washington, Art. 4, § 6.

10. Venue is proper in Kitsap County pursuant to RCW 4.12.020 because the events giving rise to this claim occurred in Kitsap County.

## III. STATEMENT OF FACTS

11. MARGARET DAVISON resided at ORCHARD POINTE SENIOR ALZHEIMER COMMUNITY (hereinafter "ORCHARD POINTE") from approximately February 24, 2017 to approximately November 10, 2019.

12. MARGARET DAVISON had been previously diagnosed with Alzheimer's disease and was completely dependent on the staff, agents, and ostensible agents of Defendant to provide for her health, safety, and well-being.

13. During her time at ORCHARD POINTE, MARGARET DAVISON was neglected and abused. The staff, agents, and ostensible agents of Defendants fell well below the standard of care in their treatment and monitoring of Plaintiff. Due to their neglect and abuse, MARGARET DAVISON sustained at least eight falls, many for which she was hospitalized at Harrison Medical Center. As a result of these falls, MARGARET DAVISON sustained multiple fractures, to include a pelvic fracture, a closed fracture of the left humerus, a hip fracture, a right shoulder fracture, a closed head injury, and an acute nondisplaced fracture of the right orbital floor, among others. After her hospitalization at Harrison Medical Center related to a fall on November 10, 2019, her doctor indicated "she clearly cannot go back to the same facility."

14. On November 13, 2019 MARGARET DAVISON was admitted to Martha and Mary Health Services in Poulsbo, WA. She passed away on December 19, 2019. The cause of death was identified as the final fall at ORCHARD POINTE on November 10, 2019. The Kitsap County Coroner stated that the cause of death was "ACCIDENTAL."

15. As a result of the negligence and abuse and neglect of Defendants, MARGARET DAVISON suffered multiple bone fractures and was hospitalized numerous times. Despite this, ORCHARD POINTE continued to provide inadequate care.

### IV. FIRST CAUSE OF ACTION – NEGLIGENCE

16. Defendants, through their agents and ostensible agents, owed a duty of care to MARGARET DAVISON.

17. Defendants breached that duty when, among other things, their agents and/or ostensible agents failed to adhere to the standard of care—both as set forth herein and in other respects as well.

18. Defendants breached that duty when, among other things, their agents and/or ostensible agents, failed to take proper steps to prevent fall risks.

19. Defendants breached that duty when, among other things, their agents and/or ostensible agents, failed to properly educate and train themselves, and failed to create, implement, enforce, and/or follow proper policies and procedures to prevent fall risks.

20. As a direct and proximate result of these and other breaches, as described above and in other respects as well, MARGARET DAVISON suffered extensive and horrifying physical pain and suffering, as well as accompanying psychological injuries.

21. As a direct and proximate result of these and other breaches, as described above

and in other respects as well, MARGARET DAVISON suffered enormous personal losses, including death.

22. As a direct and proximate result of these and other breaches, as described above and in other respects as well, MARGARET DAVISON has incurred general and special damages in an amount to be determined by the jury at time of trial.

### V. SECOND CAUSE OF ACTION – VIOLATION OF RCW 73.34

23. At all relevant times, MARGARET DAVISON was a vulnerable adult within the meaning of RCW 74.34 and as defined in RCW 74.34.020(15).

24. At all relevant times, ORCHARD POINTE was a "facility" as that term is defined in RCW 74.34.020(5).

25. Defendants' conduct as described herein constitutes abuse and neglect within the meaning of RCW 74.34.200(1), thereby giving rise to a separate cause of action.

26. Plaintiff is entitled to attorney fees and costs under the VAS statute.

### VI. THIRD CAUSE OF ACTION- WRONGFUL DEATH

27. Due to Defendants' negligence, MARGARET DAVISON suffered a painful death. Plaintiffs seeks damages for their own loss of consortium and all available damages on behalf of the Estate of MARGARET DAVISON for personal losses suffered, including but not limited to health care and funeral expenses, pain and suffering, anxiety, emotional distress, fear, and all other damages available under law.

### V. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request a judgment against Defendants:

(a) Awarding general and special damages in amounts to be proven at trial;

(b) Awarding reasonable attorneys' fees and costs;

(c) Awarding any and all applicable interest on the judgment; and

(d) Awarding such other and further relief as the Court deems just and proper.

DATED this 30th day of November, 2020.

CONNELLY LAW OFFICES, PLLC

By _____
Amanda M. Searle, WSBA # 42632
Matthew J. Wurdeman, WSBA #49940
Attorneys for Plaintiffs